**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO.: 07-136-DCR**

**TRI-STATE PROPERTIES OF NORTHERN
KENTUCKY, INC., et al.,**                                                                                **PLAINTIFFS**

**V.**

**DONALD TRAPP,**                                                                                                                           **DEFENDANT**

**REPORT & RECOMMENDATION**

Plaintiffs filed a motion "to enforce settlement and extension of time to sell property," alleging that the defendant has violated the February 20, 2008 settlement in this case by refusing to allow plaintiffs to refinance and keep two properties informally identified as the Walton Laundromat and the Newport Laundromat.[1] After a telephonic conference, the parties concurred that oral argument rather than an evidentiary hearing would best assist the court in resolving the pending motion. On June 5, 2008, plaintiffs appeared for oral argument through Richard Corthell; defendant appeared through Brian Ellerman.[2] Shandy Ehde recorded the proceedings.

At oral argument, plaintiffs' counsel conceded that his clients had failed to abide by the terms of the settlement agreement by failing to immediately place the properties for sale. Plaintiffs' counsel represented that he had spoken to the real estate broker shortly prior to appearing in court for oral argument, and that the broker was instructed to place the properties

---

[1] Although no final order of dismissal has been entered in this case, a preliminary settlement was reached on February 20, 2008, with the case to be dismissed on August 21, 2008 pending completion of certain conditions.

[2] Third party defendant the Bank of Kentucky appeared through Steve Martin, but presented no argument.

for sale immediately. However, the settlement agreement itself (Doc. 45) required the properties to be placed for sale as soon as practicable following the February 20 agreement for a period of six months, presently set to expire August 20, 2008. Much of that time has now elapsed without the benefit of the properties having been listed for sale. Given plaintiffs' apparent failure to place the properties for sale to date in conformity with the parties' agreement, no extension of that agreement is warranted.

Although plaintiffs' motion is based upon an allegedly "implicit" term of the settlement agreement to allow refinancing of the subject properties, a review of the transcript of the settlement agreement confirms that refinancing was neither an explicit or implicit term of the parties' February 20, 2008 agreement. Doc. 45. In fact, plaintiffs' counsel conceded the accuracy of the recollection of the undersigned magistrate judge and opposing counsel that refinancing was clearly represented by plaintiffs **not** to be a feasible option during settlement negotiations and therefore could not be an implied term of the parties' agreement.

While the parties remain free to renegotiate their agreement, the agreement in the record does not permit the interpretation advanced by the plaintiffs. Therefore, **IT IS RECOMMENDED HEREIN THAT** plaintiffs' motion to enforce settlement and extension of time to sell property [Doc. 69] be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50

F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within ten days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

This the 6th day of June, 2008.



Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

| TIC | | 20 |
|---|---|---|